United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>PACIFIC THOMAS CORPORATION,<br><br>Debtor.<br><br>KYLE EVERETT, Chapter 11 Trustee,<br>Plaintiff,<br>v.<br>RANDALL WHITNEY, et al.,<br>Defendants. | Case No. 19-cv-00037-MMC<br><br>Bankruptcy Case No. 14-54232 MEH<br>Adv. No. 14-05114<br><br>**ORDER DISMISSING APPEAL WITHOUT PREJUDICE** |

Before the Court is defendant/appellant Randall Whitney's ("Whitney") Notice of Appeal, filed in the Bankruptcy Court on December 26, 2018. Having read and considered the Notice of Appeal, as well as Whitney's "Statement of Issues on Appeal" filed January 14, 2019, in the Bankruptcy Court, and having reviewed the file, the Court rules as follows.

"Jurisdiction over an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158." Elliott v. Four Seasons Properties (In re Frontier Properties, Inc.), 979 F.2d 1358, 1362 (9th Cir. 1992). Section 158(a) sets forth three circumstances under which a district court has jurisdiction to consider such an appeal, specifically, appeals "from final judgments, orders, and decrees," see 28 U.S.C. § 158(a)(1), "from interlocutory orders and decrees issued under section 1121(d) of title 11 . . .," see 28

U.S.C. § 158(a)(2), and "with leave of court, from other interlocutory orders and decrees," see 28 U.S.C. § 158(a)(3).

Whitney appeals from an order, filed in the Bankruptcy Court on December 12, 2018, titled "Supplement to Decision After Trial Following Remand" ("Supplement"). (See Notice of Appeal Ex. A.) The Supplement was filed after the Ninth Circuit vacated the bankruptcy judge's earlier decision requiring "the turnover of money to the [bankruptcy] estate from PTV [defendant Pacific Trading Ventures, LLC]," and directed the bankruptcy judge, on remand, to determine whether certain lease agreements were "invalid from their inception" and, if so, to determine "the extent to which PTV's right to reimbursement under the management agreement affects any turnover award." See Everett v. Whitney (In re Pacific Thomas Corp.), 716 Fed. Appx. 698, 698-99 (9th Cir. 2018). In the Supplement, the bankruptcy judge made a finding as to the first of the two issues identified by the Ninth Circuit, but made no finding as to the second, stating "a scheduling conference will be set on the remaining question." (See Supplement at 10:1-3.)

As set forth above, the bankruptcy judge has not made a final determination as to all claims alleged in the above-titled adversary proceeding; rather, the bankruptcy judge has resolved only one of two remaining issues, leaving the other for determination at a later time. Consequently, jurisdiction over the instant appeal is lacking under § 158(a)(1). See Belli v. Temkin (In re Belli), 268 B.R. 851, 856 (B.A.P. 9th Cir. 2001) (holding reviewing court lacks jurisdiction under § 158(a)(1) to review bankruptcy judge's order that has not "finally dispose[d] of the last open claim"). Nor was the challenged order issued under § 1121(d), leaving § 158(a)(3) as the only possible basis for jurisdiction. The Court next addresses that question.

A party who seeks to appeal from an interlocutory order must file, along with a notice of appeal, a "motion for leave to appeal." See Fed. R. Bankr. P. 8004(a)(2). Where, as here, the appellant does not file such motion, the district court may "treat the notice of appeal as a motion for leave and either grant or deny it." See Fed. R. Bankr. P. 8004(d). As Whitney proceeds pro se, the Court treats Whitney's notice of appeal as a

2

motion for leave and liberally construes it. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (holding "pro se document is to be liberally construed"). So construed, the motion for leave is hereby DENIED, as Whitney has failed to show the Supplement involves "a controlling question of law" and that "an immediate appeal would materially advance the ultimate termination of the litigation." See Belli, 268 B.R. at 858 (setting forth standard for granting motion for leave to appeal from interlocutory order). Indeed, the bankruptcy judge has not found, and may never find, Whitney is liable to the plaintiff on the remaining claim in the above-titled action.

Accordingly, the notice of appeal is hereby DISMISSED, without prejudice to refiling upon "entry of the order that finally disposes of the last open claim or party." See id. at 856.

**IT IS SO ORDERED.**

Dated: January 25, 2019

MAXINE M. CHESNEY
United States District Judge